UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWAYNE RAYSHAUN WILSON, §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>2151 KIRKWOOD, LLC, §<br>*Defendant*. § | CIVIL ACTION NO. 4:24-CV-01247 |

## MEMORANDUM AND RECOMMENDATION

This case in which Plaintiff Dwayne Rayshaun Wilson (Wilson) is proceeding pro se was referred to the undersigned Magistrate Judge on April 11, 2024. ECF 6. It appears Wilson filed a "notice of removal of state court action" in Case No. 01-24-00223-CV, a case that was pending before the First Court of Appeals. ECF 3-1 at 1; ECF 1-1 at 1. Case No. 01-24-00223-CV appears to be an appeal from a judgment rendered in Docket No. 1221840 in favor of 2151 Kirkwood LLC. 2151 Kirkwood LLC, captioned as Defendant in this case, appears to have initiated the state court action to obtain a writ of possession on property, allowing 2151 Kirkwood to evict Mr. Wilson from his apartment. ECF 1-1 at 17. Wilson did not attempt to remove the action to federal court until after the state trial and appellate courts ruled against him in his attempts to forestall eviction. *Id.* at 1; ECF 3-1 at 4. Having reviewed the removal papers and the record, the Court RECOMMENDS this case be REMANDED to the First Court of Appeals from which it was removed.

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party invoking this Court's removal jurisdiction bears the burden of establishing the existence of federal jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). If not raised by the parties, the Court is required to consider jurisdiction sua sponte. *Ruano v. Jordan*, No. 4:21-CV-01180, 2023 WL 5186848, at *1 (S.D. Tex. Aug. 10, 2023) (citing 28 U.S.C. § 1446(c)). "To determine whether federal jurisdiction exists, the court looks to the record in the state court at the time of removal." *Oliver v. Lewis*, 891 F. Supp. 2d 839, 842 (S.D. Tex. 2012) (citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The "Notice of Removal" submitted with Wilson's Petition for Temporary Injunction states: "[t]his matter involves conspiracy against rights, deprivation of rights under color of law, and landlord retaliation, and the fact that Dwayne Wilson has had difficulty addressing these matters in a state court and has been prevented from evidencing his claims or rights in state court by different legal tactics per 28 U.S. Code 1443." ECF 3-1 at 1. Section 1443(1) allows removal by the defendant of actions commenced in state court:

> Against any person who is denied or cannot enforce in the courts of
> such State a right under any law providing for the equal civil rights of

>citizens of the United States, or of all persons within the jurisdiction thereof.

Removal under section 1443(1) requires the removing party to show "both that: (1) the right allegedly denied . . . arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." *Oliver v. Lewis*, 891 F. Supp. 2d at 844. Here, Wilson neither alleges racial discrimination nor a formal expression of state law that prevents him from enforcing specified federal rights. In the absence of allegations of racial discrimination, the case is not removable to federal court under 28 U.S.C. § 1443. *See G&I IX Steeplechase v. Collins*, No. 4:23-CV-3358, 2024 WL 98207, at *2 (S.D. Tex. Jan. 9, 2024) (citing *Cabello v. Texas*, 71 F. App'x 315, 316 (5th Cir. 2003)) ("Successful invocation of Section 1443 requires allegations of racial discrimination[.]").

Furthermore, Wilson fails to allege original jurisdiction based on a federal question. Wilson's Motion for Ex-Parte Temporary Restraining Order filed on April 22, 2024 references federal regulations and federal criminal statutes, but none of them provide a private right of action for a civil litigant. *See Neal v. Burns*, No. 3:19-CV-02908, 2022 WL 18495899, at *4 (N.D. Tex. Dec. 29, 2022) (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 … are criminal in nature and provide no civil remedies.")); *Jones v. U.S. EEOC*, No.

3

7:22-CV-384, 2023 WL 10555204 (S.D. Tex. July 12, 2023) *report and recommendation adopted* No. CV-M-22-0384, 2024 WL 134844 (S.D. Tex. Mar. 28, 2024) (collecting cases) (explaining that "the Code of Federal Regulations … do not create private rights of action"). In addition, as the defendant in the state court suit and appeal, Wilson cannot create federal subject matter jurisdiction simply by raising federal questions as defenses or counterclaims. *See G&I*, 2024 WL 98207, at *3 (ordering remand of state court case for forcible entry and detainer under Texas state law).

For the reasons stated above, the Court RECOMMENDS that this case be REMANDED to the First Court of Appeals from which it was purportedly removed.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 24, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge